NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC PONDER, | |
| Plaintiff, | Civil Action No. 21-19986 (KMW) (MJS) |
| v. | OPINION |
| WARDEN ORTIZ, et al., | |
| Defendants. | |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Eric Ponder's complaint. (ECF No. 1.) As Plaintiff has paid the applicable filing fee and is a prisoner who seeks redress from the employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A and dismiss any claim which is frivolous, malicious, fails to state a claim for which relief may be granted, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice as untimely filed.

**I.    BACKGROUND**

Plaintiff is a federal prisoner currently who was confined at FCI Fort Dix between May and September 2019. (ECF No. 1 at 3-7.) On May 26, 2019, Plaintiff was denied the use of microwaves to prepare a meal prior to a religious fast by Defendant Officer A. Dillon. (*Id.* at 7.) Plaintiff complained, and Dillon was apparently admonished by a supervisor. (*Id.*) The following day, Officer Dillon and her supervisor, Officer Farris, filed a report asserting that Plaintiff sexually

harassed Dillon and committed other infractions. (*Id.* at 4-7.) Plaintiff was thereafter placed in restrictive housing, where he remained until a prison chaplain "informed [a hearing officer" of the truth," leading to the charges being "expunged" and Plaintiff being removed from punitive housing on September 12, 2019. (*Id.* at 5-7.) On September 12, Petitioner was moved to MDC Brooklyn to await transfer to a new prison, and was ultimately transferred again, ultimately arriving at SCP Schuykill on November 12. (ECF No. 1-1 at 1.) According to Plaintiff, he eventually acquired a copy of his transfer forms, which were blacked out and contained neither the name of the individual who requested the transfer nor the reason, though he believes Unit Manager Brinson, who oversaw his former housing unit prior to his disciplinary charges, was responsible. (ECF No. 1 at 7.) Based on these facts, Plaintiff wishes to bring federal civil rights claims against Dillon and Farris for brining false claims against him in retaliation for his complaints about Dillon, and to raise claims against Brinson for "failing" to inform Warden Ortiz of the situation and for allegedly transferring him improperly. Plaintiff also seeks to sue the warden based upon his supervisory role over FCI Fort Dix.

## II.   LEGAL STANDARD

Because Plaintiff is a state prisoner who seeks redress from employees of a governmental entity, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915A. Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is "identical to the legal standard employed in ruling on [Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences

from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**III.   DISCUSSION**

In his complaint, Plaintiff seeks to raise federal civil rights claims[1] against the warden and several corrections officers of FCI Fort Dix arising out of events related to disciplinary charges he

---

[1] To the extent Petitioner's complaint could state a plausible claim for relief, his claims would arise out of the Supreme Court's decision in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), which created an analog to statutory civil rights claims for those suing federal employees.

received in May 2019 and their resolution resulting in his transfer out of Fort Dix in September 2019.  Unfortunately for Plaintiff, he did not submit his complaint for filing until more than two years later in November 2021.[2]  (*See* ECF No. 1-3 at 1).  A federal civil rights claim filed in this District is subject to New Jersey's two-year statute of limitations for personal injury claims.  *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013).  As Plaintiff's claims all arise out of allegedly false filings and a transfer which had occurred by early September 2019, and Plaintiff did not file this matter until November 2021, some twenty-six months later, his complaint appears on its face to be untimely by approximately two months.  As this Court discerns no basis for tolling of that limitations period from the face of Plaintiff's complaint, Plaintiff's complaint will be dismissed without prejudice as untimely.  Plaintiff, however, shall be granted leave to file an amended complaint within thirty (30) days in which he may set forth any basis for the tolling of the statute of limitations he may have in support of his claims.

### IV. CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge

---

[2] Plaintiff's complaint was postmarked on November 9, 2021, and this Court thus presumes that to be the date on which he handed over his complaint to be mailed.  Even were this Court to instead use the October 15 date on which Plaintiff apparently signed the complaint document (*see* ECF No. 1 at 9), this Court's reasoning would not change.